**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| In the Application of<br><br>VETR HEALTH, LLC<br><br>Petitioner. | Civil Action No: 1:26-cv-02434 |

**SCHEDULE A TO SUBPOENA DUCES TECUM TO**
**EVERTISE NEWSWIRE, LLC**

**DEFINITIONS**

The following definitions apply to the document requests below unless otherwise stated:

1. "You" or "Your" means Evertise Newswire, LLC, including its subsidiaries, divisions, predecessors, affiliates, parents, partners, joint venturers, employees, agents, officers, directors, representatives, and any other person or entity acting on its behalf or otherwise within its possession, custody, or control.

2. "Press Release" means the press release titled "CEO of Vetr Addresses Ongoing Trademark Dispute With Michigan-Based Vetr Health," dated August 19, 2026, at 4:20 AM EDT, a copy of which is attached as **Exhibit 1**.

3. "Document" has the meaning ascribed to it by the Federal Rules of Civil Procedure and includes, without limitation, all writings, recordings, electronically stored information, data compilations, correspondence, drafts, memoranda, reports, agreements, contracts, notes, calendars, logs, metadata, audit trails, images, audio or video files, and any other tangible or electronic materials from which information can be obtained.

4. "Communication" means the transmittal, exchange, or receipt of information, whether oral, written, electronic, or otherwise, including emails, text messages, chat messages,

direct messages, platform messages, telephone calls, meeting notes, and internal or external correspondence.

5. “And” and “or” shall be construed either conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The singular includes the plural, and the plural includes the singular.

6. The terms "all," "any," and "each" shall be construed as "all," "each and every," or "any one," whichever makes the request more inclusive.

7. The term "thing" shall mean all tangible objects of any type, composition, construction, or nature.

## INSTRUCTIONS

1. You may produce responsive Documents by email to gtw@mcgarrybair.com and pleadings@mcgarrybair.com.

2. Documents shall be produced as kept in the usual course of business, including any identifying labels, file markings, metadata, or similar identifying information, or shall be organized and labeled to correspond to the categories requested below. If no Documents are responsive to a request, or if responsive Documents are withheld based on an objection, You shall state so in writing.

3. Electronically stored information (“ESI”) shall be produced in a reasonably usable form. ESI maintained in native form shall be produced in native form where reasonably practicable. ESI that cannot be accurately rendered in image format, including spreadsheets, databases, audio or video files, and similar materials, shall be produced in native format.

4. These requests seek Documents and information within Your possession, custody, or control, regardless of where maintained, that relate to the Press Release, its submission, authorship,

review, approval, publication, distribution, promotion, payment, or performance within the United States or its territories.

5. These requests include Documents and information held by Your employees, representatives, agents, contractors, vendors, service providers, or any other persons acting on Your behalf, to the extent such materials are within Your possession, custody, or control.

6. Each request calls for production of each responsive Document in its entirety. If only a portion of a Document is responsive, the entire Document shall be produced, subject to any applicable privilege or protection.

**DOCUMENTS REQUESTED**

1. Documents and Communications sufficient to identify when, how, and by whom Evertise received the Press Release for publication, including the date and time of receipt; the account, user, customer, or other person or entity that submitted the Press Release; the method of submission; the date and time the Press Release was uploaded, approved, scheduled, or published; and any audit trail, platform log, metadata, or similar information relating to receipt or submission of the Press Release.

2. Documents and Communications sufficient to identify the author, drafter, contributor, submitter, customer, account holder, or other person or entity responsible for preparing, submitting, approving, or authorizing publication of the Press Release.

3. Documents and Communications sufficient to identify each person at Evertise or acting on Evertise's behalf who reviewed, edited, approved, formatted, scheduled, distributed, or otherwise participated in the publication process for the Press Release.

4. Documents and Communications sufficient to identify whether Evertise reviewed or verified any quotations, factual assertions, sources, commentary, or claims in the Press

Release, including any materials used or considered in connection with any such review or verification.

5. All drafts, versions, revisions, edits, or alternatives of the Press Release, including any version that differs in any respect from the copy attached as Exhibit 1.

6. Documents and Communications sufficient to identify the distribution network, media list, syndication partners, websites, outlets, feeds, or other recipients to which the Press Release was distributed, submitted, posted, syndicated, or made available.

7. Documents and Communications sufficient to identify who paid, agreed to pay, was invoiced for, or was otherwise responsible for charges associated with the submission, publication, distribution, promotion, or syndication of the Press Release.

8. All distribution, publication, performance, and analytic reports relating to the Press Release.

9. Documents sufficient to identify any Internet Protocol addresses, user IDs, login credentials, account identifiers, device identifiers, browser or session information, timestamps, access logs, upload logs, edit logs, approval logs, publication logs, or platform activity associated with the submission, upload, editing, approval, scheduling, payment, publication, distribution, or removal of the Press Release.

10. Documents sufficient to identify all customer accounts, account holders, users, contacts, billing contacts, administrators, agencies, representatives, or other persons or entities associated with the Press Release, including names, business names, email addresses, telephone numbers, mailing addresses, billing information, payment information, account history, and any communications with or concerning those persons or entities.